# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SABAHUDIN BRAKIC,

        Plaintiff,

v.                                                            Case No. 6:24-cv-1016-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

        Defendant.
_____/

## OPINION AND ORDER[2]

### I. Status

Sabahudin Brakic ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of "herniated discs, knee problems, arthritis, hypothyroidism, insomnia, memory loss[,] and mental health problems" including depression, anxiety, post-traumatic stress disorder,

---

[1] Frank Bisignano was recently confirmed as the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

and panic attacks. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed August 5, 2024, at 98, 109, 122, 133, 382.

On February 26, 2021, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of June 1, 2018. Tr. at 355-56 (DIB), 342-51 (SSI).[3] The applications were denied initially, Tr. at 98-108, 120, 182-85 (DIB); Tr. at 109-19, 121, 192-95 (SSI), and upon reconsideration, Tr. at 122-32, 144, 212-15 (DIB); Tr. at 133-43, 145, 208-10 (SSI).[4]

On May 31, 2023, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 68-97.[5] During the hearing, Plaintiff's counsel indicated an intent to amend the alleged disability onset date to June 2, 2020, Tr. at 94-95, although it was not formally carried out because Plaintiff had not agreed to it, see Tr. at 31. On October 19, 2023, the ALJ issued a Decision

---

[3] Although the applications were actually filed on March 11, 2021 and either February 26, 2021 or March 25, 2021, respectively, Tr. at 355 (DIB), 342, 357 (SSI), the protective filing date is listed elsewhere in the administrative transcript as February 26, 2021, see Tr. at 98, 122 (DIB), 109, 133 (SSI).

[4] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5] The hearing was held via telephone with Plaintiff's consent. Tr. at 70-71, 233-34.

finding Plaintiff not disabled through the date of the Decision. See Tr. at 30-46.[6]

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted additional medical evidence. Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 53-67 (medical evidence), 339-41 (request for review). On April 3, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, making the ALJ's Decision the final decision of the Commissioner. On May 31, 2024, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal submitted new medical evidence to this Court and argues the matter should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) because "there is a reasonable probability [it] will change the administrative result" and there was "good cause for the failure to submit the evidence at the administrative level." Memorandum in Support of Plaintiff (Doc. No. 13; "Pl.'s Mem."), filed September 4, 2024, at 19 (emphasis omitted). On October 4, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 15; "Def.'s Mem.") addressing Plaintiff's

---

[6] The administrative transcript also contains an ALJ's decision dated June 3, 2020 and Appeals Council orders (with a related exhibit list) that adjudicated earlier-file claims. Tr. at 149-63, 169-74. Those adjudications are not at issue here.

3

contentions. Then, on October 18, 2024, Plaintiff's Memorandum in Reply (Doc. No. 17; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be remanded for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3).

## II. The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five,

---

[7] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

the burden shifts to the Commissioner. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. <u>See</u> Tr. at 33-45. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 1, 2018, the alleged onset of disability date." Tr. at 33. At step two, the ALJ found that Plaintiff "has the following severe impairments: spine disorder, abnormality of the joints, depressive disorder, anxiety disorder, trauma-related disorders, and obesity." Tr. at 33 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 34 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except: occasionally climb ladders; occasionally stoop; frequently climb stairs; frequently balance, kneel, crouch, and crawl; is able to perform simple routine tasks but not at a production rate pace; should not work with the public.

Tr. at 36 (emphasis and citation omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as "a Truck driver, heavy" and a "Bus Driver." Tr. at 44 (some emphasis and citation omitted). The

ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 44-45. After considering Plaintiff's age ("48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date" with a "subsequently changed age category to closely approaching advanced age"), education ("limited"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 44 (some emphasis and citation omitted), such as "Marker," "Routing Clerk," and "Mail Clerk (Non-Postal," Tr. at 45. The ALJ concluded Plaintiff "has not been under a disability . . . from June 1, 2018, through the date of th[e D]ecision." Tr. at 45 (emphasis and citation omitted).

### III.  **Standard of Review**

This Court typically reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable

6

mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

When a claimant seeks remand pursuant to sentence six of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), different standards apply. They are discussed in detail below.

## IV. Discussion

Plaintiff argues the matter should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3) for consideration of three types of new evidence: 1) a January 15, 2024 medical opinion from treating psychiatrist Concepcion Barreto, M.D. at Panacea Alliance; 2) treatment notes by Manuel Dicks, A.R.N.P. dated August 2022 through January 2024; and 3) treatment notes from Panacea Alliance dated August 2023 and November 2023. Pl.'s Mem.

at 12-16, 19-24, Exs. A-C. Plaintiff contends the evidence is new, material, carries a reasonable possibility of changing the administrative result, and he has shown good cause for failing to submit it earlier. See id. at 19-24; Reply at 1-5. Responding, Defendant argues Plaintiff has not met any of the required prongs for any of the evidence to justify a sentence six remand. Def.'s Mem. at 6-13.

Addressing Dr. Barreto's opinion, the undersigned finds that Plaintiff has made the showing required for a sentence six remand. In light of this finding, the Administration shall determine in the first instance whether to consider the other evidence at issue.

Under sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3), "[t]he court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." "[A] sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1267 (11th Cir. 2007).

If a claimant makes "a sufficient showing" to remand a case under sentence six of 42 U.S.C. § 405(g), additional medical evidence can be considered on remand. Id. at 1268 (quotation and citation omitted). To meet the showing

8

required to obtain a sentence six remand, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result[;] and (3) there is good cause for the failure to submit the evidence at the administrative level." Caulder, 791 F.2d at 877 (quotation and citation omitted); see also, e.g., Hunter v. Soc. Sec. Admin, Comm'r, 808 F.3d 818, 821 (11th Cir. 2015); Ingram, 496 F.3d at 1269; Cherry v. Heckler, 760 F.2d 1186, 1192 (11th Cir. 1985).

To be "new," evidence must not have been "in existence or available to the claimant at the time of the administrative proceeding." Ingram, 496 F.3d at 1267 (quoting Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990)). "[T]he good cause requirement," on the other hand, "reflects a congressional determination to prevent the bad faith manipulation of the administrative process." Milano v. Bowen, 809 F.2d 763, 767 (11th Cir. 1987). "The . . . requirement was designed to avoid the danger of encouraging claimants to seek after-acquired evidence, and then use such evidence as an unsanctioned 'backdoor' means of appeal." Id. (quotation and citation omitted). "Good cause for failing to present evidence earlier may exist where . . . the evidence did not exist at the time of the

administrative proceeding," Cherry, 760 F.2d at 1192,[8] and nothing before the Court "reflects any bad faith attempt by [the claimant] to manipulate the administrative process." Lipscomb v. Comm'r, 199 F. App'x 903, 907 (11th Cir. 2006) (citing Milano, 809 F.2d at 767). Moreover, "if an applicant can show good cause for his failure to introduce evidence [at the administrative level] (even if the evidence was available to the applicant before the [administrative] decision) courts may consider that evidence in deciding whether the case should be remanded for further administrative proceedings to include the new evidence." Falge, 150 F.3d at 1324-25.

In Milano, the United States Court of Appeals for the Eleventh Circuit was faced with a situation in which the Appeals Council elected not to consider a psychological evaluation post-dating the ALJ's decision that "was not timely filed" because it was "mailed one day after the extended time period" imposed by the Appeals Council for submitting additional evidence. Milano, 809 F.2d at 767. Finding the report was "new and noncumulative" and carried a "reasonable possibility that it would have materially affected the administrative decision," the Eleventh Circuit then answered the question of whether good cause existed

---

[8] See also Cannon, 858 F.2d at 1546 (citing Cherry, 760 F.2d at 1192); Archer v. Comm'r of Soc. Sec., 176 F. App'x 80, 82 n.3 (11th Cir. 2006) (when a district court found "mere non-existence did not amount to good cause," stating such a finding "is contrary to this circuit's standard") (citing Cannon, 858 F.2d at 1546).

for failing to timely submit it. Id. at 766-67. The Eleventh Circuit found good cause because "the procedural default [was] de minimis" and "[a]mple time remained for the Appeals Council to consider and act upon the evidence which [the claimant] had submitted" so "[n]o administrative delay could possibly have resulted from [the claimant's] action." Id. at 767.  As for any manipulation of the administrative process, the Court observed that the "de minimus procedural default does not reflect any bad faith attempt to manipulate the administrative process," instead, "it suggests an attempt, though unsuccessful, to fully comply with administrative requirements." Id.

Plaintiff admits he did not obtain Dr. Barreto's opinion until after the ALJ's Decision was rendered. See Pl.'s Mem. at 21-22. It was only then that Plaintiff substituted counsel and new counsel determined that the record was devoid of a treating opinion regarding Plaintiff's mental limitations. See id. at 21. On January 14, 2024, three months after the ALJ's Decision, Dr. Barreto was asked to render an opinion, see id., which she did on January 15, 2024, see id. at Ex. A. In the meantime, on January 12, 2024, Plaintiff's new counsel sought an extension to submit the opinion to the Appeals Council. Tr. at 8. Recognizing he had previously obtained one extension of twenty-five days from December 15, 2023 (amounting to a deadline of approximately January 9, 2024 depending on whether one adds time for Plaintiff to have received the ruling),

11

counsel documented all of the attempts that had been made to obtain new evidence and requested an additional fourteen days. Tr. at 8; see Tr. at 13-19.

The administrative transcript does not contain a ruling on that request. Instead, the Appeals Council almost three months later, on April 3, 2024, issued its substantive denial of Plaintiff's request for review. Tr. at 1-4. In so doing, the Appeals Council did not recognize Dr. Barreto's opinion in any way, instead acknowledging Plaintiff had "submitted medical records from Panacea Alliance dated May 22, 2023 through November 15, 2023 (15 pages)." Tr. at 2. Panacea Alliance is Dr. Barreto's practice; the evidence submitted to the Appeals Council, although not exhibited, see Tr. at 2, consists of Dr. Barreto's treatment notes for the stated timeframe, see Tr. at 53-67.[9] The Appeals Council found the "evidence does not show a reasonable probability that it would change the outcome of the decision." Tr. at 2.

Following Milano and its progeny, the undersigned finds Dr. Barreto's opinion is new and non-cumulative because it was not in existence at the time of the ALJ's Decision and because the record does not contain any treating mental opinions. See, e.g., Milano, 809 F.2d at 767. Moreover, this Court's consideration is whether good cause exists for failure to submit the evidence at

---

[9] Plaintiff later determined those records were incomplete and submitted additional ones to this Court. See Pl.'s Mem. at Ex. C (treatment notes dated August 18, 2023 through November 15, 2023 submitted to this Court).

the administrative level, not before the ALJ. See, e.g., White v. Barnhart, 373 F. Supp. 2d 1258, 1265 (N.D. Ala. 2005) ("It is clear from Milano that the question [under the sixth sentence] is not whether there is good cause for failure to present the evidence at the ALJ level, but rather for failure to present it at the administrative level, which includes the Appeals Council stage."); Ingram, 496 F.3d at 1269 (citing White with approval). Given the record and the representations before the Court, the undersigned is unwilling to find that Plaintiff engaged in bad faith or manipulated the administrative process. See Lipscomb, 199 F. App'x at 907 (citing Milano, 809 F.2d at 767). Instead, Plaintiff sought another brief extension of time to submit Dr. Barreto's opinion, but the Appeal's Council did not rule on his request. Almost three months later, well after Dr. Barreto's opinion was rendered, the Appeals Council issued its substantive denial of review. See Milano, 809 F.2d at 767 ("the procedural default [was] de minimis" and "[a]mple time remained for the Appeals Council to consider and act upon the evidence which [the claimant] had submitted" so "[n]o administrative delay could possibly have resulted from [the claimant's] action"). In light of the foregoing, Plaintiff has met the good cause prong.

Finally, Plaintiff has shown that Dr. Barreto's opinion is material in that it carries a reasonable possibility of changing the administrative result. See Caulder, 791 F.2d at 877 (quotation and citation omitted); see also, e.g., Hunter, 808 F.3d at 821; Ingram, 496 F.3d at 1269; Cherry, 760 F.2d at 1192. Dr.

13

Barreto's opinion is the only one from a treating mental health professional. If accepted, it would result in a finding of disability. See Pl.'s Mem. at Ex. A (finding, among other things, Plaintiff is "[s]eriously limited" in many mental categories; would miss more than four days of work per month as a result of his mental impairments; and his limitations will continue for at least twelve months).

Defendant argues Dr. Barreto's opinion is not material because "it does not relate to the time period considered by the ALJ in rendering his October 2023 decision." Def.'s Mem. at 5 (citation omitted). Although Dr. Barreto did answer "No" when asked if she could "provide an opinion of [her] patient's limitations in June 2018," Pl.'s Mem. at Ex. A, the opinion is a result of her practice having treated Plaintiff as far back as May 2023, about five months prior to the ALJ's October 19, 2023 Decision, see Tr. at 53 (first treatment note).[10] Thus, it does relate to the time period considered by the ALJ.

## V. Conclusion

Dr. Barreto's opinion is new and material, and Plaintiff has demonstrated good cause for not submitting it during the administrative proceedings. The matter must be remanded for consideration of this opinion. In light of the

---

[10] The first treatment note is authored by Angela Fuller, APRN. Tr. at 53. Dr. Barreto's personal interaction with Plaintiff began August 18, 2023, Tr. at 58, still two months prior to the ALJ's Decision.

14

foregoing, the Administration on remand shall determine in the first instance whether to consider the other evidence submitted by Plaintiff in this appeal. After due consideration, it is

**ORDERED**:

1. This matter is **REMANDED** to the Commissioner for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3).

2. The Clerk is directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 29, 2025.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record